**Electronically Filed
Intermediate Court of Appeals
CAAP-16-0000590
30-AUG-2017
08:37 AM**

NO. CAAP-16-0000590

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee, v.
RYAN K. STONE, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(CASE NO. 1DTA-15-04984)

SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Reifurth and Ginoza, JJ.)

Defendant-Appellant Ryan K. Stone (Stone) appeals from the Notice of Entry of Judgment and/or Order and Plea/Judgment, entered on July 22, 2016 in the District Court of the First Circuit, Honolulu Division (District Court).[1]

Stone was convicted of Operating a Vehicle Under the Influence of an Intoxicant (OVUII), in violation of Hawaii Revised Statutes (HRS) § 291E-61(a)(1) (Supp. 2016).

On appeal, Stone contends (1) the District Court erred by denying his Motion to Set Aside Finding of Guilt and for Entry of Dismissal of Case for violation of Rule 48 of the Hawaiʻi Rules of Penal Procedure (HRPP), (2) the District Court failed to conduct an adequate prior-to-trial advisement and ultimate Tachibana[2] colloquy, (3) the District Court improperly commented on the evidence when making a pre-trial evidentiary ruling, (4) Stone was seized without probable cause when Officer Sung Yi

---

[1] The Honorable Linda K.C. Luke presided.

[2] Tachibana v. State, 79 Hawaiʻi 226, 900 P.2d 1293 (1995).

(Officer Yi) held Stone's driver's license, and (5) the District Court erred by admitting Officer Robert Weeks's (Officer Weeks) testimony without first evaluating whether it was more probative than prejudicial.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Stone's points of error as follows:

(1) The District Court did not err by denying Stone's Motion to Set Aside Finding of Guilt and for Entry of Dismissal of Case for violation of HRPP Rule 48. Stone argues that there was insufficient evidence to support exclusion of time due to the unavailability of a State's witness and that the District Court failed to make adequate findings of fact when denying his motion. A defendant may waive his Rule 48 speedy trial rights. See State v. Diaz, 100 Hawai'i 210, 223-24, 58 P.3d 1257, 1270-71 (2002) (counsel's consent to continuance sufficient for waiver of Rule 48 rights). HRPP Rule 48(b) requires a motion filed by the defendant. This motion may be filed at any time before the trial commences. State v. Hutch, 75 Haw. 307, 330, 861 P.2d 11, 23 (1993). Stone moved to dismiss the charge for violation of HRPP Rule 48 on May 17, 2016, after trial concluded and he had been found guilty of OVUII on May 4, 2016. Therefore, he waived the alleged violation of HRPP Rule 48 as untimely. Consequently, the District Court was not required to issue any findings of fact to determine the includable or excludable time.

(2) Stone contends both the prior-to-trial advisement and Tachibana colloquy were inadequate. Stone contends that the District Court's advisements failed to adequately alert Stone of his right not to testify as required State v. Monteil, 134 Hawai'i 361, 341 P.3d 567 (2014) and, citing State v. Pomroy, 132 Hawai'i 85, 319 P.3d 1093 (2014), that the error was not harmless.

In Monteil, the Hawaii Supreme Court expanded upon the advisement to inform a defendant of the right not to testify by requiring that a defendant be made aware of "relevant circumstances and likely consequences of such a decision[.]"

Monteil, 134 Hawai'i at 371, 341 P.3d at 577 (citation and internal quotation marks omitted). The Monteil court noted that the trial court failed to advise the defendant of a very significant "relevant circumstance" of his right to testify – "i.e., that no inference of guilt may be drawn for exercising this right." Id.

Stone takes issue with the District Court's statements that "If you choose not to testify, the judge cannot assume you're guilty simply because you've exercised your constitutional right to remain silent," in the prior-to-trial advisement and "If you choose not to testify, the court cannot assume you're guilty simply because you're exercising your constitutional right to remain silent," in the Tachibana colloquy. The District Court's statements satisfied Monteil and Tachibana by adequately advising Stone that if he chose not to testify, that no inference of guilt could be used against him for exercising that right for his non-jury trial. Therefore, Stone's claim that the prior-to-trial advisement and Tachibana colloquy were inadequate are without merit.

(3) Contrary to Stone's claim, the District Court did not improperly comment on evidence when making a pre-trial evidentiary ruling regarding the foundation required for admission of testimony relating to Stone's performance on the standardized field sobriety tests. The District Court ruled that it would be utilizing the non-pass/fail approach for evidence related to the standardized field sobriety tests, that evidence in the form of observations from any witness may be admitted, and that evidence regarding the horizontal gaze nystaugmus test would be excluded without an expert witness but observations made as a lay witness during the test were admissible. After Stone's counsel stated that he did not understand the ruling, the District Court clarified that the State was still obligated to provide proper foundation regarding the field sobriety tests such as qualification of the witness as to training in the area but the court did not expect testimony on pass or fail on the test. Stone's counsel then stated that he understood.

Stone did not object to the District Court's pre-trial evidentiary ruling on the ground that it was an improper comment on the evidence. Regardless, the District Court's evidentiary ruling was not a comment on the evidence. The District Court accurately stated the law, that without proper foundation, i.e. qualification as an expert witness, a witness may not state that a defendant passed or failed a standardized field sobriety test. State v. Ferrer, 95 Hawai'i 409, 429-30, 23 P.3d 744, 764-65 (App. 2001). Further, any lay witness, including a police officer, may testify about their observations and based on those observations provide a lay opinion that a defendant was intoxicated. Id. at 429, 23 P.3d at 764 (citing State v. Toyomura, 80 Hawai'i 8, 26-27, 904 P.2d 893, 911-12 (1995)). Thus, the District Court did not "invite[] the State to ignore the technical context of [State v.] Ito[, 90 Hawai'i 225, 978 P.2d 191 (App. 1999)] and Ferrer and to have a field day regarding the SFST such that it was virtually impossible to gauge and weigh the significance of Officer Landon Miyamura's testimony."

(4) Stone contends that he was implicitly seized without probable cause when Officer Yi held his driver's license based on Officer Yi's later testimony that Officer Yi intended to keep it. Stone takes Officer Yi's testimony out of context and makes an argument that is unsupported by the record. Stone did not move to suppress evidence from his traffic stop, issuance of citations, and/or arrest for OVUII based on lack of probable cause. Instead, after all evidence was received, Stone argued in his closing argument that Officer Yi predetermined that Stone would be arrested for OVUII by holding his driver's license. Therefore, Stone waived objection to the admission of evidence stemming from his stop, issuance of citations, and arrest for OVUII.

In any case, Officer Yi had probable cause to hold Stone's driver's license for a reasonable amount of time to issue traffic citations to Stone. Officer Yi initially stopped Stone after observing him allegedly speeding, crossing a solid white line into a shoulder area, and crossing a broken white line into

4

a center lane and straddling both lanes for a few seconds. After Officer Yi initiated a traffic stop, Stone stopped his car in the middle of an intersection. Upon initially making contact with Stone, Officer Yi asked for Stone's driver's license, which Stone produced, then Officer Yi asked Stone to move his vehicle out of the intersection, which Stone did. During that time, Officer Yi held Stone's driver's license and later testified that he intended to keep it so that if Stone drove off he would at least have Stone's identification.

A traffic stop for speeding and other traffic law violations is permissible when based on specific articulable facts and that "a man of reasonable caution would be warranted in believing that criminal activity was afoot." State v. Estabillio, 121 Hawai'i 261, 270, 218 P.3d 749, 758 (2009) (citation omitted). Officer Yi articulated facts that warranted stopping Stone for violation of traffic laws. Therefore, Officer Yi was authorized to detain Stone for a short time to issue him traffic citations.

After Stone moved his vehicle, Officer Yi approached Stone again, asked Stone for vehicle documentation and noticed Stone had watery and glassy eyes, a strong odor of alcohol on Stone's breath, and that Stone slurred his speech. Officer Yi returned to his own vehicle to finish issuing citations to Stone while other officers arrived to investigate whether Stone was driving while intoxicated. Stone was subsequently arrested for OVUII based upon another officer's observations. Officer Yi did not investigate whether Stone was driving while under the influence of an intoxicant and was not the officer that arrested Stone for OVUII. Thus, Stone's detention and subsequent arrest for OVUII was not based on Officer Yi's observations or actions. Therefore, probable cause, or lack thereof, relating to the OVUII charge is not related to Officer Yi temporarily holding Stone's driver's license.

(5) The District Court did not err by admitting Officer Weeks's testimony. Stone objected to the testimony on relevance grounds based on the claim that Officer Weeks was only involved with Stone's implied consent form which was not at

issue.  The State proffered Officer Weeks's testimony to establish additional statements Stone made that another officer did not note in his report.

"All relevant evidence is admissible, except as otherwise provided by the Constitutions of the United States and the State of Hawaii, by statute, by these rules, or by other rules adopted by the supreme court.  Evidence which is not relevant is not admissible."  Rule 402 of the Hawaii Rules of Evidence (HRE).

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

HRE Rule 403.

Stone objected to Officer Weeks's testimony as irrelevant under HRE Rule 402.  At no time prior to or during Officer Weeks's testimony did Stone object based on HRE Rule 403.  Therefore, the point of error is waived.  Moreover, Stone makes no argument on appeal as to why Officer Weeks's testimony was unfairly prejudicial.  Therefore, the point of error is without merit.

Therefore,

IT IS HEREBY ORDERED that the Notice of Entry of Judgment and/or Order and Plea/Judgment, entered on July 22, 2016 in the District Court of the First Circuit, Honolulu Division is affirmed.

DATED:  Honolulu, Hawaiʻi, August 30, 2017.

On the briefs:

Christopher R. Evans,
for Defendant-Appellant.

Loren J. Thomas,
Deputy Prosecuting Attorney
City and County of Honolulu,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge

6